# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

WALTER CHRUBY :

      Plaintiff : CIVIL ACTION NO. 17-1631

  v. : (MANNION, D.J.)
                                                                    (SAPORITO, M.J.)

KIRK BEARJAR, *et al.* :

      Defendants :

## **MEMORANDUM**

Presently before the court is a motion for preliminary injunction (Doc. 30) filed by the plaintiff, Walter Chruby ("Chruby"). For the reasons set forth below, Chruby's motion will be **DENIED**.

### I. BACKGROUND

Chruby, an inmate confined at the State Correctional Institution in Mercer, Pennsylvania ("SCI-Mercer"), filed the above-captioned civil rights complaint under 42 U.S.C. §1983 on September 12, 2017. (Doc. 1). The basis of Chruby's complaint relates to his housing status, which he asserts is in violation of his constitutional rights. On June 27, 2018, Chruby filed a motion for preliminary injunction (Doc. 30) and brief in support (Doc. 31) seeking placement in a cell with single occupancy because of medical necessity. On

August 2, 2018, defendants Kirk Bearjar, Annette Kowalewski, Jennifer Shrock, Jamey Luther, Stephanie Wood, Karen Feather, and John E. Wetzel (collectively "DOC defendants") filed a brief in opposition of Chruby's motion. (Doc. 36). Then, on that same day, defendants Dr. John Stramat, Josh Shola, Dr. Scott Morgan, and Correct Care Solutions, LLC (collectively "Medical defendants") also filed a brief in opposition to Chruby's motion. (Doc. 38). On August 16, 2018, Chruby filed his reply brief. (Doc. 39). Chruby's motion is now ripe for disposition.

## II. STANDARD OF REVIEW

The grant of injunctive relief, including preliminary injunctive relief, is an extraordinary remedy and it should only be granted in limited circumstances. *Am. Tel. & Tel. Co. v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1426-27 (3d Cir. 1994) (quoting *Frank's GMC Truck Cent., Inc. v. Gen. Motors Corp.*, 847 F.2d 100, 102 (3d Cir. 1988)) (alterations in original). The court's ultimate decision to deny a preliminary injunction is discretionary, though legal and factual determinations will be reviewed according to their normal standard. *See Tenafly Eruv Ass'n, Inc. v. Borough of Tenafly*, 309 F.3d 144, 156 (3d Cir. 2002).

To obtain a preliminary injunction, the moving party must demonstrate the following:

> (1) the likelihood that the plaintiff will prevail on the merits at final hearing; (2) the extent to which the plaintiff is being irreparably harmed by the conduct complained of; (3) the extent to which the defendant will suffer irreparable harm if the preliminary injunction is issued; and (4) the public interest.

*Id.* at 1427 (quoting *Merchants & Evans, Inc. v. Roosevelt Bldg. Prods.*, 963 F.2d 628, 623-33 (3d Cir. 1992)). More specifically, the third prong requires a balancing of harms between the plaintiff and the defendant and a finding that the balance favors the plaintiff's request for relief. *See Issa v. Sch. Dist. of Lancaster*, 847 F.3d 121, 131 (3d Cir. 2017).

"The injunction should issue only if the plaintiff produces evidence sufficient to convince the district court that all four factors favor preliminary relief." *Id.* Moreover, it is only if the first two prongs are satisfied that the court must inquire into the final two factors. *Tenafly*, 309 F.3d at 157. Thus, "a failure to show a likelihood of success or a failure to demonstrate irreparable injury must necessarily result in the denial of a preliminary injunction." *In Re Arthur Treacher's Franchise Litig.*, 689 F.2d 1137, 1143 (3d Cir. 1982). However, if a plaintiff proves the first two requirements, it will almost always be the case that the public interest favors preliminary relief, *Issa*, 847 F.3d at 143, leaving the crux of the matter to the balancing of competing interests.

"Furthermore, because of the 'complex and intractable problems of prison administration,' a request for injunctive relief in the prison context must be viewed with caution and judicial restraint." *Macchione v. Coordinator Adm'r in Washington D.C.*, 591 Fed.Appx. 48, 50 (3d Cir. 2014) (quoting *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995); *see also* 18 U.S.C. §3626(a)(2) ("In any civil action with respect to prison conditions, …. [p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm …, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief….").

### III. DISCUSSION

#### A. The Likelihood of Success on the Merits

The injunction sought by Chruby is not merely to preserve the status quo, but rather "a mandatory injunction that would have the effect of granting a substantial portion of the relief sought in [Chruby's] complaint." *Punnett*, 621 F.2d at 583. "Thus, although it can be argued that [Chruby] should be held to a higher standard, [he] must at least make out a prima facie case. *Id.*

Central to Chruby's case is the purported medical need for a single occupancy cell.

> …[I]t is well settled that the decision where to house inmates is at the core of prison administrators' expertise." *McKune v. Lile*, 536 U.S. 24, 39 (2002) (citations omitted). Courts will generally not interfere with prison administrative matters and will afford significant deference to judgments of prison officials regarding prison regulation and administration. *See e.g., Jones v. N. Carolina Prisoners' Labor Union, Inc.*, 433 U.S. 119, 126 (1977) (citations omitted) ("Because the realities of running a penal institution are complex and difficult, we have also recognized the wide-ranging deference to be accorded the decisions of prison administrators.") Moreover, it is well-settled that prisoners do not have a due process right to be single-celled. *See Rhodes v. Chapman*, 452 U.S. 337 (1981) (citations omitted).

*Thomaston v. Meyer*, 519 Fed. Appx. 118, 119 (3d Cir. 2013).

Double celling inmates is not *per se* unconstitutional. *Mitchell v. Dodrill*, 696 F.Supp.2d 454, 468 (M.D.Pa. 2010) (citing *Rhodes v. Chapman*, 452 U.S. 337, 348 (1981)). "Double celling may, however, amount to cruel and unusual punishment if combined with other adverse conditions." *Mitchell*, 696 F.Supp.2d at 468 (citing *Nami v. Fauver*, 82 F.3d 63, 67 (3d Cir. 1996)). In *Nami*, the Third Circuit provided examples of "[c]onsiderations that are relevant in determining if double celling violates the Eighth Amendment…" *Id.* Here, the allegations involve only one of the many relevant considerations laid out in *Nami*—sanitation. Specifically, Chruby alleges that "[w]ithout a single cell assignment, there is no way for Chruby to eliminate or mitigate his exposure to bacteria and other deleterious environmental conditions, which arises from, *inter alia*, fecal matter, urine, and blood contaminating the

surfaces of bathroom facilities…" (Doc. 30, at 10). However, on the same page of his motion, Chruby defeats his own argument by admitting that he can eliminate or mitigate his exposure to bacteria by disinfecting the toilet before each use, and either by using a toilet chair or defecating into a plastic bag, none of which require that he be housed in a single cell. (Doc. 30, at 10).

"To demonstrate an Eight Amendment violation, [Chruby] must show 'acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.'" *DeFranco v. Wolfe*, 387 Fed.Appx. 147, 158 (3d Cir. 2010) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (citations omitted)). There are two prongs to this inquiry: "(1) deliberate indifference on the part of prison officials; and (2) the prisoner's medical needs are serious." *DeFranco*, 387 Fed.Appx. at 158 (citing *Monmouth County Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 346 (3d Cir. 1987) (citations omitted).

"Chruby's motion is clearly and plainly predicated on recent facts related to Chruby's need to undergo a Staged Procedure Johansen Urethroplasty…" (Doc. 39, at 4). Chruby alleges that the incision made during the first stage of his procedure "requires particular environmental conditions to reduce exposure to bacterial contamination…" (Doc. 31, at 5). The first stage of his procedure was done in March 2018. (Doc. 31, at 5). As of June 27, 2018, the date that Chruby filed his motion, he was housed in the infirmary unit at SCI-

Mercer. (Doc. 31, at 6). Of course, housing an inmate in the infirmary seems quite contrary to deliberate indifference to a prisoner's medical needs; however, Chruby alleges that multiple physicians believe that he needs to be housed in a single cell. Nevertheless, each physician's letter attached to Chruby's complaint relates to a time before Chruby's urethroplasty. Specifically, each letter mentions Chruby's self-catherizations, which, ironically, will no longer be required after his urethroplasty is complete. Thus, none of the physician letters presented by Chruby relate to his need to be housed in a single cell following stage one of his urethroplasty; and, as such, these letters are not persuasive regarding this motion. Even if these physician letters were considered as persuasive, at best, there is a difference of professional opinion among the doctors referenced by Chruby and Dr. Rieger, who opined that a single cell will not affect Chruby's risk of developing infection, which does not equate to deliberate indifference. *DeFranco*, 387 Fed.Appx. at 158 (citations omitted). Therefore, this factor weighs in favor of the defendants.

### B. The Demonstration of Irreparable Harm

Chruby alleges that "the ongoing violation of his constitutional rights puts him at imminent risk of pain and suffering, organ failure, or death." (Doc. 31, at 9). While there is no question that these allegations can, in theory, be

considered irreparable harm, "[m]ore than a risk of irreparable harm must be demonstrated. The requisite for injunctive relief has been characterized as a 'clear showing of immediate irreparable injury,' or a 'presently existing actual threat; [an injunction] may not be used simply to eliminate a possibility of a remote future injury….'"

As stated above, all the medical evidence presented by Chruby was made during a time when he was required to perform self-catherizations multiple times each day. Once the final stage of his urethroplasty is complete, he will no longer need to use a catheter. Since June 27, 2018, Chruby has been between stages of his surgery and being housed in the infirmary at SCI-Mercer. On July 6, 2018, Dr. Paul Rusilko, Chruby's surgeon, informed Dr. Jean Holdren, the medical director at SCI-Mercer, that Chruby is not at any increased risk of infection, nor will he be following his third surgery. (Doc. 38-1, at 4). He further opined that isolation is not required and would not be required following the completion of the procedure. (Doc. 38-1, at 4).

Thus, considering Chruby's surgeon does not believe Chruby is at risk of infection or in need of isolation, there is no evidence of irreparable harm warranting the grant of an injunction.

### C. OTHER AFFECTED INTERESTS

Finally, we note that granting this preliminary injunction, which would effectively have the federal courts making *ad hoc*, and individual, decisions concerning the course of treatment for a single state prisoner, could harm both the [d]efendants' and the public's interest. In this prison context, the [d]efendants' interests and the public's interest in penological order could be adversely effected [sic] if the [c]ourt began dictating the treatment protocols and priorities for [Chruby], one inmate out of thousands treated in the state prison system.

Moreover, granting a preliminary injunction to [Chruby] could have one other potentially grave and wholly unintended consequence for third parties. Any priority given to [Chruby's] care by judicial fiat would likely have to come at the expense of deferring or delaying care and treatment for some other ill inmate. This [c]ourt should refrain from making medical choices in a vacuum, medical choices which may affect access to health care for other prisoners who are not parties to this litigation.

*Hakeem v. Fisher*, No. 10-1627, 2010 WL 4791664, at *8 (M.D.Pa. Oct. 25, 2010).

## IV. CONCLUSION

In light of the foregoing, Chruby's motion for preliminary injunction shall be **DENIED**.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: December 13, 2018**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2017 MEMORANDA\17-1631-02.docx