# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WALTER CHRUBY, | |
| Plaintiff, | CIVIL ACTION NO. 3:17-cv-01631 |
| v. | (MANNION, J.)<br>(SAPORITO, M.J.) |
| KIRK BEARJAR, et al., | |
| Defendants. | |

## **MEMORANDUM**

This federal civil rights action concerns the conditions of confinement for the plaintiff, Walter Chruby, a life-term prisoner. Appearing through counsel, the plaintiff filed his fee-paid complaint in this action on September 12, 2017. (Doc. 1). At the time of filing, the plaintiff was incarcerated at SCI Mercer, a state prison located in Mercer County, Pennsylvania.

In his complaint, Chruby alleged the violation of his federal constitutional rights under the First and Eighth Amendments, made actionable by 42 U.S.C. § 1983. He alleged that one of the defendants retaliated against him for his grievance and litigation activity, in violation of his First Amendment rights. He alleged that other defendants were deliberately indifferent to his serious medical needs, in

violation of his Eighth Amendment rights. The plaintiff sought injunctive relief against the Secretary of the Pennsylvania Department of Corrections, who was sued in his official capacity only, and he sought an award of compensatory and punitive damages with respect to the other defendants.

Some of the defendants previously moved for dismissal of the plaintiff's claims. On September 19, 2018, these motions by the DOC Defendants[1] and the Medical Defendants[2] were granted in part and

---

[1] The DOC Defendants are several officials with the Pennsylvania Department of Corrections: Kirk Bearjar, a Unit Manager at SCI Laurel Highlands; Annette Kowalewski, the Correction Health Care Administrator at SCI Laurel Highlands; Jennifer Schrock, a Registered Nurse Supervisor at SCI Laurel Highlands; Jamey Luther, the Superintendent at SCI Laurel Highlands; Stephanie Wood, the Correction Health Care Administrator at SCI Pittsburgh; Karen Feather, the Correction Health Care Administrator at SCI Mercer; and John E. Wetzel, in his official capacity as Secretary of the Pennsylvania Department of Corrections.

[2] The Medical Defendants originally included: Correct Care Solutions, L.L.C. ("Correct Care"), a for-profit business that provided medical services to inmates at various state prisons under contract with the Pennsylvania Department of Corrections; John Stramat, M.D., a physician who provided medical care to inmates at SCI Pittsburgh and SCI Mercer under this contract; Josh Shola, a health services administrator at SCI Pittsburgh and SCI Mercer under this contract; and Scott Morgan, M.D., a physician who provided medical care to inmates at SCI Mercer under this contract. Correct Care is no longer an active party-defendant in this case, as the only claim against it (a § 1983 *Monell* claim

*(continued on next page)*

denied in part. *See Chruby v. Bearjar*, Civil Action No. 3:17-cv-01631, 2018 WL 4537404 (M.D. Pa. Aug. 27, 2018),[3] *report and recommendation adopted by* 2018 WL 4507599 (M.D. Pa. Sept. 19, 2018).[4] Although the plaintiff was granted leave to file an amended complaint, he apparently has opted to stand on his original complaint. (*See* Doc. 49.)

The plaintiff's remaining claims include: (a) a First Amendment retaliation claim for damages against defendant Bearjar alone, involving the placement of a sick inmate in Chruby's cell at SCI Laurel Highlands;[5] (b) Eighth Amendment deliberate indifference claims for damages against several of the DOC Defendants, several of the Medical Defendants, and defendant Valley;[6] and (c) a claim for injunctive relief

---

asserted in Count III of the original complaint) has been dismissed.
 We note that an additional physician-defendant, Robert Valley, M.D., is named in the complaint and alleged to be an employee of Correct Care as well. But Valley is separately represented by his own counsel. He waived service and entered his appearance through counsel in November 2018, and he filed his answer to the complaint in January 2018. Valley has been an entirely passive participant in this litigation otherwise.
 [3] (Doc. 43.)
 [4] (Doc. 46; Doc. 47.)
 [5] This is the remainder of Count I of the complaint. The claim was dismissed with respect to allegations of a retaliatory transfer to SCI Pittsburgh.
 [6] This is the remainder of Count II of the complaint. The claims were dismissed with respect to allegations concerning double-celling of

*(continued on next page)*

against defendant Wetzel. All of these claims arise out of conduct that occurred at SCI Laurel Highland, SCI Pittsburgh, and SCI Mercer between January 2016 and September 12, 2017—the date when the complaint was filed.

Now before the court is a motion by the plaintiff for leave to file an amended complaint and for preliminary injunctive relief. (Doc. 80.) The motion is fully briefed and ripe for disposition. (Doc. 80-1; Doc. 82; Doc. 84.)

## I. BACKGROUND

We have previously recounted the complex factual background of Chruby's claims, including his extensive medical history, and so we find it unnecessary to do so again. *See Chruby*, 2018 WL 4537404 at *2–*9, Doc 43, at 3–25. Chruby is a life-term prisoner who suffers from complex and serious health issues, which have required the implementation of specialized medical protocols for the evaluation and treatment of his symptoms. Throughout his incarceration, he has suffered from frequent

---

the plaintiff prior to August 1, 2016. The individual defendants named in this count include Kowalewski, Schrock, Luther, Wood, Feather, Stramat, Shola, Morgan, and Valley. Count III originally asserted a related *Monell* claim against Correct Care, but that claim was dismissed. Neither Bearjar nor Wetzel is named as a defendant to these claims.

infections and hospitalizations. The specialized medical protocols were adopted in connection with, or as a result of, the compromise of a prior federal civil rights lawsuit concerning the conditions of the plaintiff's confinement. The plaintiff's Eighth Amendment deliberate indifference claims are all related to these medical protocols, though not directly, as he does not assert a state-law breach of contract agreement based on the 2007 settlement agreement that prompted the adoption of these medical protocols. The Eighth Amendment claims asserted in the original complaint concern conduct by the named defendants[7] that occurred at various state prisons between January 2016 and September 2017.

Chruby now moves for leave to file an amended complaint to add a new defendant, Jeane Holdren, M.D., the Correct Care medical director at SCI Mercer. He seeks to add claims for damages against Holdren and existing defendant Feather arising out of an incident that occurred on May 15, 2020, when Chruby presented with signs of a urinary tract infection and, at Feather's instruction, Holden sent him for emergency treatment at a local hospital, rather than the tertiary care hospital

---

[7] Except Secretary Wetzel, who is named for the purpose of effecting injunctive relief only.

designated in the currently operative medical protocol, UPMC Shadyside Hospital ("Shadyside").[8] Chruby was ultimately transferred to Shadyside for treatment eight hours after he arrived at the local hospital.

Chruby also moves for a preliminary injunction against Holdren,[9] commanding her to comply with the provisions of the 2007 settlement agreement, particularly a provision requiring that he be sent to a tertiary care facility for evaluation and treatment, such as Shadyside.

## II. DISCUSSION

The Court will necessarily defer any ruling or recommendation on the request for preliminary injunctive relief at this time. *See generally* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72; *Arista Records, LLC v. Doe 3*,

---

[8] The plaintiff's motion papers also reference asserting this claim against *existing* defendants Correct Care and the Pennsylvania Department of Corrections. But Correct Care was already dismissed from this action in September 2018, and the state department of corrections has never been a named defendant in this action. Moreover, the state department of corrections is almost certainly entitled to Eleventh Amendment immunity from suit. We also note that the plaintiff's motion papers suggest that the new claim would not be a § 1983 claim for damages under the Eighth Amendment, but a supplemental state-law claim for breach of the aforementioned settlement agreement. All this might be much clearer if the plaintiff had submitted a copy of his proposed amended complaint, as the local rules require.

[9] The plaintiff's motion papers also reference the imposition of preliminary injunctive relief against Correct Care and the Pennsylvania Department of Corrections. *See supra* note 8.

604 F.3d 110, 116 (2d Cir. 2010) ("Dispositive matters may be referred to a magistrate judge only for recommendation, not for decision; such matters principally include motions for injunctive relief and motions for dismissal."). By this memorandum opinion and accompanying order, however, the court will dispose of Chruby's motion with respect to his request for leave to file an amended complaint. *See Patel v. Meridian Health Sys., Inc.*, 666 Fed. App'x 133, 136 (3d Cir. 2016) ("[A] motion for leave to amend is nondispositive.") (citing *Continental Cas. Co. v. Dominick D'Andrea, Inc.*, 150 F.3d 245, 251 (3d Cir. 1998)).

We first note that the local civil rules require that a motion for leave to file an amended complaint must be accompanied by a copy of the *full and complete* proposed amended complaint, including any exhibits. L.R. 15.1(a) ("When a party files a motion requesting leave to file an amended pleading, the proposed amended pleading must be retyped or reprinted so that it will be *complete in itself* including exhibits and shall be filed on paper as a separate document . . . .") (emphasis added). As this Court has previously advised:

> [A]ny amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed. It may not contain

> conclusory allegations. Rather, it must establish the existence of specific actions by the defendants which have resulted in constitutional deprivations. The amended complaint must also be "simple, concise, and direct" as required by the Federal Rules of Civil Procedure.

*Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992).

Although the federal rules counsel that "[t]he court should freely give leave [to amend] when justice requires," Fed. R. Civ. P. 15(a)(2), without a complete draft amended complaint, it is difficult for this court to reasonably determine whether the proposed amendment might be futile or prejudicial to the defendants. *See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir. 2007) ("[F]ailure to submit a draft amended complaint is fatal to a request for leave to amend."); *Lake v. Arnold*, 232 F.3d 360, 374 (3d Cir. 2000) ("[F]ailure to provide a draft amended complaint [is] an adequate basis on which the court could deny [a civil rights] plaintiff's request."). This alone is a sufficient ground for us to deny the plaintiff's request for leave to amend.

Moreover, although couched by the plaintiff as a Rule 15(a) motion to amend, the instant motion is really a Rule 15(d) motion for leave to file a *supplemental* complaint, as it is entirely concerned with events that occurred *after* the filing of the original complaint in this action. *See* Fed.

R. Civ. P. 15(d) ("On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented.").

> An application for leave to file a supplemental pleading, like an application for leave to amend a complaint, is addressed to the sound discretion of the trial court. Factors to be considered by the court include the promotion of a justiciable disposition of the case, the delay or inconvenience the allowance of such a pleading will cause, and the prejudice to the rights of the parties to the action. Additionally, a court may deny leave to file a supplemental pleading where that pleading relates only indirectly, if at all, to the original complaint and the alleged cause of action arose out of an entirely unrelated set of facts and related to a defendant not implicated in the original complaint.

*Nottingham v. Peoria*, 709 F. Supp. 542, 544 (M.D. Pa. 1988).

Although the plaintiff has failed to append a copy of his proposed amended or supplemental complaint for our consideration, based on the representations provided in his motion papers, we find it appropriate to deny leave to file an amended or supplemental complaint.

The plaintiff's original complaint asserted § 1983 claims for damages against various individual defendants arising out of housing and medical decisions made at SCI Laurel Highlands, SCI Pittsburgh,

and SCI Mercer that he alleges caused the occurrence or exacerbation of urinary tract infections, requiring his repeated hospitalization. On a handful of occasions between January 2016 and September 2017, different defendants are alleged to have delayed appropriate medical treatment, but the only factual allegation about defendant Feather in particular concerned a single incident in August 2017 when Feather allegedly delayed sending Chruby to the hospital for 18 hours for treatment of an infection. Proposed newly added defendant Holdren is not mentioned in the original complaint at all, of course.

The proposed amended or supplemental complaint, as described in the plaintiff's motion papers, would join Holdren as a newly added defendant. As couched in the plaintiff's motion papers, the proposed newly added claims appear to be state-law claims for breach of the 2007 settlement agreement, not § 1983 deliberate indifference claims. They concern a single incident that occurred in May 2020, nearly three years after the latest of the events alleged in the original complaint, and in addition to Holdren, the proposed newly added defendant, they involve the conduct of only one existing defendant, Feather. Moreover, they do not involve any delay or denial of medical treatment, but merely the

provision of different treatment than that desired by the inmate—Chruby was allegedly sent to a different, non-tertiary care hospital for immediate emergency treatment, before he was ultimately transferred from there to a tertiary care facility eight hours later.

Based on the representations of the plaintiff in his motion papers, the proposed newly added claims relate only *indirectly* to the original complaint, they involve an entirely distinct cause of action and arise out of an entirely unrelated set of facts, occurring nearly three years after the latest of the events alleged in the original complaint,[10] and they relate primarily to a defendant not implicated in the original complaint.

### III. CONCLUSION

For the foregoing reasons, the plaintiff's motion will be denied without prejudice to the extent it requests leave to file an amended (or supplemental) complaint. To the extent the motion requests a

---

[10] While both the claims asserted in the original complaint and the proposed newly added claims are articulated with reference to the 2007 settlement agreement, this document appears to play entirely different roles in the two sets of claims. In Chruby's original § 1983 claims, reference the 2007 settlement agreement appears to have been proffered to establish the defendants' knowledge of his specific medical needs, *see Chruby,* 2018 WL 4537404, at *3 n.3, whereas his proposed newly added claims appear to be state-law breach-of-contract claims based *directly* on the settlement agreement itself.

preliminary injunction, it will be deferred for later adjudication.

An appropriate order follows.

Dated: July 9, 2021    *s/Joseph F. Saporito, Jr.*
JOSEPH F. SAPORITO, JR.
United States Magistrate Judge