UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **WALTER CHRUBY,** | : |
| Plaintiff | : ACTION NO. 3:17-CV-1631 |
| v. | : (JUDGE MANNION) |
| **KIRK BEARJAR, et al.,** | : |
| Defendants | : |

## MEMORANDUM

The court reviews the report and recommendation (the "Report") of Magistrate Judge Bloom, (Doc. 129), which recommends that Defendants' motion for summary judgment, (Doc. 119), be granted. Plaintiff has objected to the Report. (Doc. 130).[1]

Plaintiff, who is imprisoned at the State Correctional Institute at Mercer, Pennsylvania, sues the former Secretary of the Pennsylvania Department of

---

[1] In his objections to the Report, Plaintiff's counsel refers to Magistrate Judge Bloom as "the Magistrate." (Doc. 130 at 1, 2, 4 n.1, 5, 9, 10). The title "magistrate" no longer exists in the U.S. Courts, having been changed from "magistrate" to "magistrate judge" in 1990. Judicial Improvements Act of 1990, 104 Stat. 5089, Pub. L. No. 101-650, §321 (1990) ("After the enactment of this Act, each United States magistrate … shall be known as a United States magistrate judge."). Plaintiff's counsel is reminded to use the correct title in the future.

Corrections and several individuals who were employed at the State Correctional Institute at Laurel Highlands.

The factual background is set forth in the Report, so the court need not repeat it fully herein. In short, Plaintiff suffers from a history of urinary tract infections. While he was housed at SCI Laurel Highlands, he made requests to be placed in a single cell so to prevent the risk of further infection. Despite his requests and recommendations from outside physicians to the same effect, Plaintiff was at times housed with another inmate. That was because prison-affiliated medical personnel reviewed Plaintiff's requests and the outside physicians' recommendations, and determined that Plaintiff did not require a single cell.

The remaining Defendants are Unit Manager Kirk Bearjar, Corrections Health Care Administrator Annette Kowalewski, Registered Nurse Supervisor Jennifer Schrock, and Superintendent Jamey Luther. Based on his summary judgment filings, the Report concludes that Plaintiff either does not oppose summary judgment on or has abandoned his claim for injunctive relief against Defendant Wetzel, his claim for declaratory relief, and his First Amendment retaliation claim against Defendant Bearjar. (Doc. 129 at 8–9, 11). Plaintiff does not object to that conclusion, (Doc. 130), and it does not appear to be erroneous. Therefore, only Defendants Kowalewski, Schrock,

and Luther remain. Plaintiff claims, through 42 U.S.C. §1983, that these officials violated his rights guaranteed by the Eighth Amendment.

## I.   LEGAL STANDARD

### A. Review of R&R

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011).

### B. Summary Judgment

Summary judgment is appropriate "if the pleadings, the discovery [including, depositions, answers to interrogatories, and admissions on file] and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986)*; Turner v. Schering-Plough Corp.*, 901 F.2d 335, 340 (3d Cir. 1990). A factual dispute is genuine if a reasonable jury could find for the non-moving party, and is material if it will affect the outcome of the trial under governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)*; Aetna Cas. & Sur. Co. v. Ericksen,*

903 F. Supp. 836, 838 (M.D. Pa. 1995). At the summary judgment stage, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249; *see also Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (a court may not weigh the evidence or make credibility determinations). Rather, the court must consider all evidence and inferences drawn therefrom in the light most favorable to the non-moving party. *Andreoli v. Gates*, 482 F.3d 641, 647 (3d Cir. 2007).

"Although the non-moving party receives the benefit of all factual inferences in the court's consideration of a motion for summary judgment, the nonmoving party must point to some evidence in the record that creates a genuine issue of material fact." *Berckeley Inv. Grp., Ltd. v. Colkitt*, 455 F.3d 195, 201 (3d Cir. 2006). "[T]he non-moving party must rebut the motion with facts in the record and cannot rest solely on assertions made in the pleadings, legal memoranda, or oral argument." *Id.*

### C. Section 1983 Claim

"To prevail on a §1983 claim, a plaintiff must show that a person (or persons), acting under the color of law, deprived him of a constitutional right." *Thomas v. Tice*, 948 F.3d 133, 138 (3d Cir. 2020).

## D. Eighth Amendment Deliberate Indifference[2]

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. It is violated by punishments which "involve the unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). "[D]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain." *Id.* at 103. Thus, "deliberate indifference to a prisoner's serious illness or injury states a cause of action under §1983." *Id.* A prisoner asserting an Eighth Amendment deliberate indifference claim "must make (1) a subjective showing that 'the defendants were deliberately indifferent to his or her medical needs' and (2) an objective showing that 'those needs were serious.'" *Pearson v. Prison Health Serv.*, 850 F.3d 526, 534 (3d Cir. 2017) (quoting *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999)).

---

[2] The Eight Amendment is "made applicable to the States by the Fourteenth." *Estelle v. Gamble*, 429 U.S. 97, 101 (1976).

## II. DISCUSSION

### A. Report and Recommendation

#### 1. Defendant Shrock

Defendant Jennifer Schrock was an RN Supervisor at SCI Laurel Highlands. (Doc. 122-11 at 9:24–10:2). She testified that she was neither involved in discussions nor made decisions regarding Plaintiff's request for a single cell. (Id. at 14:22–15:8). The Report therefore concludes that Plaintiff has not demonstrated a genuine dispute of material fact as to his claim that Defendant Shrock was deliberately indifferent to his serious medical needs. (Doc. 129 at 13).

#### 2. Defendant Kowalewski

Defendant Annette Kowalewski worked as a Corrections Health Care Administrator at SCI Laurel Highlands during the relevant time period. (Doc. 122-9 at 9:16–12:19). She testified that she was not involved in making decisions about placing an inmate in a single cell. (Id. at 11:1–4). She further testified that she was aware of outside physicians' recommendations that Plaintiff be housed in a single cell, and that DOC medical personnel reviewed those recommendations but told her that Plaintiff did not require a single cell. (Id. at 23:12–25:7). Because Plaintiff has not provided evidence to dispute that testimony, (Doc. 129 at 14), the Report concludes that he has not

established a genuine dispute of material fact as to his claim against Defendant Kowalewski. (Id. at 15).

### 3. Defendant Luther

Defendant Jamey Luther was the superintendent at SCI Laurel Highlands. (Doc. 122-12 at 9:1–4). She testified that she consulted with prison medical personnel regarding the necessity of placing Plaintiff in a single cell. (Doc. 122-12 at 37:6–38:2, 40:5–41:12). The Report concludes that Plaintiff has not established that Defendant Luther had a reason to believe that Plaintiff was being mistreated. (Doc. 129 at 15). *See Spruill v. Gillis*, 372 F.3d 218 (3d Cir. 2004) ("[W]e conclude that, absent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official … will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference.").

### 4. Medical Opinion

Plaintiff attaches to his brief in opposition the expert report of urologist Jeffrey S. Montgomery, M.D., MHSA. (Doc. 127-16). Dr. Montgomery opined that:

> Since the medical leadership of Laurel Highlands and the Bureau of Healthcare Services considered and rejected the recommendations of multiple urologic and urologic reconstruction experts regarding Mr. Chruby's need for a single

cell and a clean environment in which to catheterize, the leadership was then obligated to devise a protocol tailored to the housing limitations of their facility to accommodate Mr. Chruby's unique medical requirements. This would be an environment in which Mr. Chruby could safely, cleanly, and privately perform his intermittent catheterizations …. This was not done and, as a result, Mr. Chruby suffered with at least 21 bouts of UTI, pyelonephritis, or sepsis during 2015 & 2016, putting him at risk for further permanent kidney damage and resulting in undue morbidity.

(Doc. 127-16 at 4–5). The Report acknowledges this opinion but notes that "disagreement as to the proper medical treatment" is insufficient to support Plaintiff's claim. (Doc. 129 at 14–15). *See Pearson v. Prison Health Serv.*, 850 F.3d 526, 535 (3d Cir. 2017) (quoting *Monmouth Cnty. Corr. Inst. v. Lanzaro*, 834 F.2d 326, 346 (3d Cir. 1987)) ("'[M]ere disagreement as to the proper medical treatment' does not 'support a claim of an eighth amendment violation.'").

### B. Plaintiff's Objections

#### 1. Framing of the issue

Plaintiff contends that the Report "erroneously framed the issue as involving the defendan[t]s' actions or inactions surrounding the issue of the need for single-celling plaintiff to address his unique medical needs." (Doc. 130 at 1). Rather, he asserts, it was "not merely the failure to provide [P]laintiff with a single cell," but Defendants' "failure to address [Plaintiff's]

needs in any meaningful way that gives rise to a claim of deliberate indifference." (Id. at 2).

### 2. Consideration of Expert Report

Plaintiff asserts that the Report "disregard[ed]" and "dismiss[ed]" the expert report of Dr. Montgomery and thereby excluded "competent evidence which created disputed issues of fact precluding summary judgment." (Doc. 130 at 5).

In his brief in opposition to summary judgment, Plaintiff notes that he "has provided an expert report that offers that defendants did not do nearly enough to minimize the known and significant risks to [P]laintiff." (Doc. 127 at 26). In his objections, he asserts that this report "very clearly bore directly on the issue of whether the defendants were deliberately indifferent to [P]laintiff's unique medical needs leading to needless and preventable suffering." (Doc. 130 at 10).

### C. Review

### 1. Framing of the issue

In Plaintiff's brief in opposition to summary judgment, he states that "[i]n the instant case, there are multiple factual issues in dispute demonstrating defendants' deliberate indifference to plaintiff's condition which led to unnecessary pain and suffering." (Doc. 127 at 19). He says that

Defendants denied his requests and his doctors' recommendations that he be single celled. (Id). As to Defendants Kowalewski, Shrock, and Luther specifically, he asserts that they "steadfastly refused to provide a single cell or other accommodation which could reduce the risk of infection." (Id. at 25).

Although Plaintiff makes the above reference to "other accommodation," his statement of facts focuses entirely on his need for single cell placement. (Id. at 6–18). He now, however, describes this case as one involving "a larger, underlying issue involving management [of] the unique medical needs of a patient who requires frequent self-catheterizations not only to fully drain his bladder but also to maintain the patency of his reconstructed ureter." (Doc. 130 at 5).

The specific facts Plaintiff points in his brief all relate to the denial of his requests for single cell status. His general assertions that "[D]efendants needed to take steps to address [] [P]laintiff's unique medical needs and they failed to do it," (Doc. 130 at 9), cannot create a genuine dispute of material fact as to Defendants' liability, and so cannot effectively broaden his argument. Because Plaintiff chose to base his claims against Defendants

Shrock, Kowalewski, and Luther on the issue of his single-cell status, the court concludes that the Report did not err in focusing on this issue.[3]

### 2. Consideration of Expert Report

Next, the court disagrees with Plaintiff's assertion that the Report "disregarded" the expert report of Dr. Montgomery. It simply noted that Plaintiff's citation to Dr. Montgomery's report did not controvert Defendant's Kowalewski's testimony that she was not involved in the decisions relating to Plaintiff's request for a single cell, and that, in any event, disagreement about the proper medical treatment alone would not suffice to establish an Eighth Amendment claim.

As to Plaintiff's contention that Dr. Montgomery's report created a genuine dispute of material fact, the court also disagrees.[4] Dr. Montgomery

---

[3] Additionally, in their statement of material facts, Defendants state: "The remaining claims against DOC Defendants are Count 1, retaliation by Bearjar for placing another inmate in a cube with Plaintiff in February 2016, Count 2, deliberate indifference by Luther, Schrock and Kowalewski *for keeping another inmate in a cube with Chruby* after August 1, 2016 and Count 4, request for injunctive relief against the Secretary of the DOC." (Doc. 121 ¶3) (emphasis added). Plaintiff in response admits to this fact. (Doc. 127-1 ¶3).

[4] As Defendants and Judge Bloom point out, (Doc. 128 at 5–6; Doc. 129 at 14), Dr. Montgomery's report appears to be unsworn. *See Fowle v. C & C Cola*, 868 F.2d 59, 67 (3d Cir. 1989) ("The substance of this report was not sworn to by the alleged expert. Therefore, the purported expert's report is not competent to be considered on a motion for summary judgment."); *see also Damiani v. Duffy*, 277 F.Supp.3d 692, 702 (D. Del. 2017); *Gonzalez v.*

*(footnote continued on next page)*

provided his opinion as to how Plaintiff should have been treated. That may be relevant to the issue of whether Plaintiff received inadequate care. But his opinion does not bear on the issue of Defendants' deliberate indifference. *See Pearson*, 850 F.3d at 535 ("[M]ere receipt of inadequate medical care does not itself amount to deliberate indifference—the defendant must also act with the requisite state of mind when providing that inadequate care."). First, Dr. Montgomery merely reviewed the transcripts of Defendants' deposition testimony; his opinion is not evidence of their state of mind. Second, Defendants were not aware of Dr. Montgomery's opinion (which was written in December 2022); so it could not have contributed to their awareness of the risks associated with housing Plaintiff with another inmate.

### 3. Grant of Summary Judgment

In opposition to summary judgment, Plaintiff relies on email correspondence between Defendants. (Doc. 127-7; Doc. 127-8). He also cites letters from outside evaluating or treating physicians who had recommended single-cell status, (Doc. 127-12; Doc. 127-13; Doc. 127-14),

---

*Thomas Built Buses, Inc.*, 934 F. Supp. 2d 747, 752 (M.D. Pa. 2013); *Jackson v. Egyptian Navigation Co.*, 222 F. Supp. 2d 700, 709 (E.D. Pa. 2002). In his objections, Plaintiff appears to contend that disregarding the report because it is "unsworn" would be erroneous, but does not explain why. At any rate, as explained *infra*, even if the report is competent, it does not create a genuine dispute of material fact as to Defendants' deliberate indifference.

or urged that he "be provided a clean facility for completing his self-catheterizations." (Doc. 127-15). And he offers the report of Dr. Montgomery. (Doc. 127-16).

The email correspondence offered by Plaintiff reflects Defendants' desire to avoid further conflict related to Plaintiff's requests for single cell placement. Defendant Kowalewski wrote that "[i]t is never a good idea to keep him single celled for very long without a good medical/mental health reason," (Doc. 127-8), and that "[i]t took a lot of effort on my part and my own time to ensure that we have a good lid on this case and he is getting the care he needs." (Doc. 127-8). Both she and Defendant Luther expressed frustration over ongoing disputes regarding single-cell status. (Id.). The emails do not reflect deliberate indifference to Plaintiff's medical needs. As Defendants Kowalewski and Luther testified, the recommendations of outside professionals were reviewed by prison-affiliated medical personnel, who concluded that single-cell placement was not medically necessary. (Doc. 122-9 at at 23:12–25:7; Doc. Doc. 122-12 at 37:6–38:2, 40:5–41:12). This uncontradicted testimony indicates that Kowalewski and Luther relied on the determinations of DOC medical personnel regarding how to effectively accommodate Plaintiff's medical needs within the physical constraints of the facility. Against this evidence, the fact that they were aware of other doctors'

recommendations to the contrary, or were frustrated by repeated requests for additional accommodations, does not create a genuine dispute as to whether they acted with deliberate indifference to Plaintiff's serious medical needs.

The court agrees with the Report that summary judgment should be granted in favor of Defendant Schrock because she testified that she was not involved in the discussions related to Plaintiff's request for single-cell placement, and Plaintiff has not pointed to evidence creating a genuine dispute of material fact as to her involvement in any violation of his constitutional rights. The court also agrees that summary judgment should be granted in favor of Defendant Kowalewski, as she testified that she was not involved in the single-cell decision and that she was told by prison medical personnel that single-cell placement was not necessary, and Plaintiff has not pointed to evidence creating a genuine dispute of material fact as to her lack of deliberate indifference. The court further agrees that summary judgment should be granted in favor of Defendant Luther, because there is no genuine dispute that she, a non-medical official, lacked reason to believe that prison medical personnel were mistreating Plaintiff. Finally, Plaintiff does not object to the Report's conclusion that he has either abandoned or not opposed summary judgment on his claims for injunctive and declaratory

relief and his claim of First Amendment retaliation. Therefore, summary judgment will be granted on those claims as well.

## III.    CONCLUSION

The court has reviewed the Report and agrees with its reasoning. Plaintiff's objections thereto will be overruled. The Report will be adopted in its entirety and Defendants' motion for summary judgment will be granted. An appropriate order will follow.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: January 5, 2024**
17-1631-03